# THE ATTORNEY GENERAL
# OF TEXAS
PRICE DANIEL        AUSTIN 11, TEXAS
ATTORNEY GENERAL



Honorable James W. Swarts
County Attorney
Culberson County
Van Horn, Texas

Opinion No. O-6097
Re: Taxation of undeveloped
oil and gas leasehold
estates, and related
questions.

Dear Sir:

We have received your recent letter requesting our opinion relative to the above captioned subject matter. Said letter is self explanatory and reads as follows:

"I would like your opinion on the following propositions.

"This county has a considerable land under lease for oil and gas and other mineral.

"Some of this presumptive oil gas and mineral has been sold outright or at least in part.

"1. Is the oil and gas lease, undeveloped, subject to taxation? If so at what valuation?

"2. Is the mineral, oil and gas which has been purchased outright, subject to taxation and if so at what value?

"It would seem that a straight oil, gas or mineral lease might not be considered property and subject to taxation while an out-right purchase of the mineral would be a title in realestate. The former being only a right to prospect.

"3. If either or both classes are subject

to taxation, then might the state sell the same for delinquent taxes under the law providing for sale of land for delinquent taxes?

"This is a matter which might involve the collection of considerable money for county and state not only here but in other counties.

"I would appreciate your opinion in this matter and citation of any authorities bearing on the question."

The following two Articles pertain to the questions involved herein. Article 7145, V.A.C.S.:

"All property, real, personal or mixed, except such as may be hereinafter expressly exempt, is subject to taxation, and the same shall be rendered and listed as herein prescribed."

Article 7146, V.A.C.S.:

"Real property, for the purpose of taxation, shall be construed to include the land itself, whether laid out in town lots or otherwise, and all buildings, structures and improvements, or other fixtures of whatsoever kind thereon, and all rights and privileges belonging or in any wise appertaining thereto, and all mines, minerals, quarries and fossils in and under the same."

It is now firmly established in Texas that oil and gas leases are realty and subject to taxation as such. See Texas Company v. Dougherty, 176 S.W. 717; Stephens County v. Mid-Kansas Oil and Gas Company, 254 S.W. 290; State v. Downman, 134 S.W. 787; Phillip's Petroleum Co. v. Townsend, 63 Fed. (2d) 293; Prince Bros. Drilling Co. v. Fuhrman Petroleum Corp. 150 S.W. (2d) 314.

The above cases hold that no distinction can be made as to the form of the lease and that an interest in land is created, whether the lessor granted, bargained, sold, or conveyed the oil and gas to the lessee, or if the lessor let and leased the premises with the authority to operate for and

procure oil and gas. It follows therefore that since an oil and gas lease is effective as conferring upon the lessee an interest in the land, the value thereof is assessable against him for taxation. However, until there has been a severance of the mineral estate from the remainder of the land, the tax is assessable against the owner of the land, as the rendition of the land carries with it the full value of the land.

It is also settled beyond controversy that a mineral interest in land, as well as the lessor's estate or interest, generally referred to as royalty, is taxable as real estate. See Sheffield v. Hogg, 77 S.W. (2d) 1021.

Mineral properties, whether same be a leasehold estate, royalty interest, or a mineral estate are to be valued at such price as they would bring at a fair, voluntary sale for cash. The value defined in the constitution and statutes is the reasonable cash market value. Such property, when rendered, shall be valued as of January 1st the same as other real property.

It follows, as a matter of course, that inasmuch as such mineral interests are in fact realty, that the State could bring a foreclosure suit for delinquent taxes thereon and sell the same as provided by our statutes in reference to real estate.

Trusting that the above fully answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

Bys/ W. V. Geppert
W. V. Geppert
Assistant

APPROVED Jul 13, 1944
W.P. Blackburn
Acting Attorney General of Texas
Approved Opinion Committee by BWB, Chairman
WVG:fo:bt